UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANA MEINECKE,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, acting Commissioner of Social Security,<br><br>Defendant. | No. 2:14-cv-2210 AC (TEMP)<br><br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On April 21, 2011, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on April 12,

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). See ECF Nos. 8 & 10.

1

2010.  (Transcript ("Tr.") at 17, 155.)  Plaintiff's application was denied initially, (id. at 77-81), and upon reconsideration.  (Id. at 87-91.)  Plaintiff requested a hearing and a hearing was held before an Administrative Law Judge ("ALJ") on January 10, 2013.  (Id. at 29-51.)  Plaintiff was represented by an attorney and testified at the administrative hearing.  (Id. at 29-31.)

In a decision issued on January 29, 2013, the ALJ found that plaintiff was not disabled.  (Id. at 24.)  The ALJ entered the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on June 30, 2011.
>
> 2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of April 12, 2010 through her date last insured of June 30, 2011 (20 CFR 404.1571 *et seq*).
>
> 3. Through the date last insured, the claimant had the following severe impairment: degenerative disc disease of the lumbar spine (20 CFR 404.1520(c)).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following non-exertional limitations: the claimant can frequently kneel, crouch, crawl, and climb ramps or stairs; she can occasionally stoop and climb ladders, ropes, and scaffolds; and she must avoid concentrated exposure to dangerous moving machinery and unprotected heights.
>
> 6. Through the date last insured, the claimant was capable of performing past relevant work as an administrative assistant, leasing clerk, and assistant.  This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant was not under a disability, as defined in the Social Security Act, at any time from April 12, 2010, the alleged onset date, through June 30, 2011, the date last insured (20 CFR 404.1520(f)).

(Id. at 19-24.)

On July 25, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's January 29, 2013 decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. §

405(g) by filing the complaint in this action on September 23, 2014.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

3

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In her pending motion plaintiff asserts the following three principal claims: (1) the ALJ erred at step two of the sequential evaluation; (2) the ALJ's findings are not supported by substantial evidence in light of new evidence presented to the Appeals Council; and (3) the ALJ failed to provide a germane reason for rejecting a third party statement.

I.   Step Two

Plaintiff argues that the ALJ erred at step two of the sequential evaluation by failing to consider plaintiff's chronic migraines. At step two of the sequential evaluation, the ALJ must determine if the claimant has a medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41). The Commissioner's regulations provide that "[a]n impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a) & 416.921(a). Basic work activities are "the abilities and aptitudes necessary to do most jobs," and those abilities and aptitudes include: (1) physical functions such as walking, standing, sitting, lifting, and carrying; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) & 416.921(b).

The Supreme Court has recognized that the Commissioner's "severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." Yuckert, 482 U.S.

at 153. However, the regulation must not be used to prematurely disqualify a claimant. Id. at 158 (O'Connor, J., concurring). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work." Smolen, 80 F.3d at 1290 (internal quotation marks and citation omitted). "[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28); cf Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005) (claimant failed to satisfy the step two burden where "none of the medical opinions included a finding of impairment, a diagnosis, or objective test results"). "Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims[.]'" Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at 1290); see also Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001) (discussing this "de minimis standard"); Tomasek v. Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13 (N.D. Cal. Feb.11, 2008) (describing claimant's burden at step two as "low").

Here, plaintiff's migraines were a medically determinable impairment. In this regard, treatment notes contain multiple references to plaintiff suffering from migraines. (Tr. at 355, 381, 382.[2]) Moreover, plaintiff testified at the January 10, 2013 administrative hearing that she suffers from ocular migraines several times a week and that those migraines impair her vision and result in plaintiff sitting or lying down until they abate. (Id. at 42-43.)

As noted above, the ALJ's conclusion that the claimant lacks a medically severe impairment or combination of impairments is valid only when that conclusion is "clearly established by medical evidence." Webb, 433 F.3d at 687. Here, it simply cannot be said that a

---

[2] Additionally, a medical opinion received by the Appeal Council after the ALJ issued the January 29, 2013 decision states that plaintiff's "ocular migraines," constitute an additional work limitation. (Tr. at 383.) "[W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1159-60 (9th Cir. 2012).

1 finding that plaintiff's migraines were not a medically severe impairment was clearly established
2 by medical evidence. See Ortiz v. Commissioner of Social Sec., 425 Fed. Appx. 653, 655 (9th
3 Cir. 2011) ("This is not the total absence of objective evidence of severe medical impairment that
4 would permit us to affirm a finding of no disability at step two.")[3]; Webb, 433 F.3d at 687
5 ("Although the medical record paints an incomplete picture of Webb's overall health during the
6 relevant period, it includes evidence of problems sufficient to pass the de minimis threshold of
7 step two."); Russell v. Colvin, 9 F.Supp.3d 1168, 1186-87 (D. Or. 2014) ("On review, the court
8 must determine whether the ALJ had substantial evidence to find that the medical evidence
9 clearly established that Ms. Russell did not have a medically severe impairment or combination of
10 impairments."); cf. Ukolov, 420 F.3d at 1006 ("Because none of the medical opinions included a
11 finding of impairment, a diagnosis, or objective test results, Ukolov failed to meet his burden of
12 establishing disability.").

13 Under these circumstances the court cannot find that the medical evidence clearly
14 established that plaintiff's migraines were not a medically severe impairment. See Philips v.
15 Colvin, No. 1:12-cv-1772-JLT, 2014 WL 791478, at *7-8 (E.D. Cal. Feb. 24, 2014) ("In this case,
16 however, the ALJ failed to discuss Plaintiff's Trigeminal Neuralgia and erroneously discredited
17 her allegations of pain at Step Four, as discussed below. Even if the evidence does not establish
18 the diagnosed impairment establishes more than 'slight abnormality,' the ALJ erred by failing to
19 identify and evaluate the conditions and its symptoms in combination at Step Two, or consider
20 any limitations at Step Four."); Lopez v. Colvin, No. ED CV 13-1753-DFM, 2014 WL 1370672,
21 at *3 (C.D. Cal. Apr. 7, 2014) ("Because the ALJ completely failed to address whether Plaintiff's
22 lupus was a severe impairment, the Court is unable to determine whether the ALJ's step two
23 determination was free of error and supported by substantial evidence."); Lipinski v. Astrue, No.
24 CV 11-0693-TUC-RCC (JR), 2013 WL 1249226, at *7 (D. Ariz. Mar. 7, 2013) ("The types of
25 claims that are screened-out at step-two are those that allege impairments that are so minimal they
26
27 [3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).
28

6

could never prevent a person from working.").

Moreover, the ALJ's decision does not reference plaintiff's migraines at step four or step five of the sequential evaluation. Accordingly, the court cannot say that the ALJ's error was harmless. Cf Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (finding that any error the ALJ committed in failing to list plaintiff's bursitis at step two was harmless, because the ALJ thereafter "extensively discussed" plaintiff's bursitis and "considered any limitations posed by the bursitis at [s]tep 4").

For the reasons stated above, the court finds that plaintiff is entitled to summary judgment in her favor with respect to her claim that the ALJ erred at step two of the sequential evaluation.

## SCOPE OF REMAND

With error established, the court has the discretion to remand or reverse and award benefits.[4] McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Id. at 594.

---

[4] In light of the remand required by the ALJ's error at step two of the sequential evaluation, the court need not address plaintiff's remaining claims. Haverlock v. Colvin, No. 2:12-cv-2393 DAD, 2014 WL 670202 (E.D. Cal. Feb. 20, 2014); see also Frazier v. Commissioner of Social Sec., No. 2:13-CV-0756 GEB CMK, 2014 WL 4418199, at *4 (E.D. Cal. Sept. 4, 2014) (after finding step two error "the other errors claimed by plaintiff need not be analyzed at this time"); Moreno v. Astrue, No. 2:11-cv-2454 CKD, 2013 WL 599962, at *8 (E.D. Cal. Feb. 14, 2013) ("Because the ALJ committed error at step two of the disability evaluation in failing to consider several findings from Drs. Klein, Scaramozzino, Lopez and Adeyomo, the court need not reach these further arguments."); Sanchez v. Apfel, 85 F.Supp.2d 986, 993 n. 10 (C.D. Cal. 2000) ("Having concluded that a remand is appropriate because the ALJ erred in ending the sequential evaluation at Step Two, this Court need not consider the issue of plaintiff's credibility."). However, because this matter is being remanded the ALJ on remand shall consider the January 2013 opinion of Dr. Robert James MacFarland, which was submitted to the Appeals Council after the ALJ's January 29, 2013 decision, and consider the third party statement of plaintiff's husband, providing a germane reason if any part of that third party statement is rejected.

Here, there are outstanding issues that must be resolved before a determination can be made. On remand, an ALJ shall recognize plaintiff's migraines as a severe impairment at step two and proceed with the remainder of the sequential evaluation process.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF. No. 17) is granted;
2. Defendant's cross-motion for summary judgment (ECF. No. 20) is denied;
3. The Commissioner's decision is reversed; and
4. This matter is remanded for further proceedings consistent with this order.

DATED: March 11, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE